UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL GONZALEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL SEXTON, Warden<br><br>　　　　　Respondent. | Case No. 1:18-cv-00039-LJO-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION AS TIME-BARRED**<br><br>**(ECF NO. 8)**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent Michael Sexton, Warden of California State Prison – Corcoran, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Craig S. Meyers of the Office of the California Attorney General.

**I.     Procedural History**

Petitioner is in the custody of the California Department of Corrections and Rehabilitation pursuant to the September 17, 2013, judgment of the Superior Court of California, County of Kern convicting him of attempted murder, shooting at a vehicle, and participation in a gang, with sentencing enhancements. (Lodged Doc. 1.) He was sentenced to an indeterminate state prison term of thirty-four years to life. (Id.)

On June 21, 2016, the California Court of Appeal for the Fifth Appellate District ordered that the abstract of judgment be amended to reflect a seven-year upper term for the attempted murder conviction rather than a nine-year upper term. (Lodged Doc. 2). The judgment was otherwise affirmed. (Id.) Petitioner did not file a petition for review in the California Supreme Court.

Petitioner proceeded to file one petition for writ of habeas corpus in the California Supreme Court, on July 24, 2017.[1] The petition was denied on October 11, 2017. (Lodged Docs. 3-4.)

Petitioner filed the instant petition on December 15, 2017. (ECF No. 1.) Respondent filed a motion to dismiss on March 13, 2018. (ECF No. 8.) Petitioner filed no response and the time for doing so has passed. The matter is submitted.

**II.    Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418,

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases.

420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n.12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III.    Statute of Limitations**

**A.    Commencement of the Statute of Limitations**

The petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). AEDPA imposes a one-year statute of limitations on state prisoners seeking to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The commencement of the statute of limitations is governed by section 2244(d)(1).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins to run on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review.[2] Here, the Court of Appeal amended and affirmed the judgment on June 21, 2016. (Lodged Doc. 2.) The state appeal process became final forty days later, when the time for filing a petition for review in the California Supreme Court expired. California Rules of Court, Rules 8.366 and 8.500. Thus, Petitioner's direct review became final on July 31, 2016, and the one-year limitations period commenced running the following day, on August 1, 2016. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Under § 2244(d)(1)(A), the last day to file a federal petition was July 31, 2017. However, Petitioner delayed in filing the instant petition until December 15, 2017. Thus, absent tolling, the instant petition is time-barred.

**B.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. Thus, the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 536 U.S. 214, 216 (2002); see also Nino v. Galaza,

---

[2] Petitioner does not set forth any facts to trigger an alternate commencement of the statute of limitations under 28 U.S.C. § 2244(d)(B)-(D) and the Court finds nothing in the record entitling him to a later start date.

4

183 F.3d 1003, 1006 (9th Cir. 1999).

However, the statute of limitations is not tolled during the period between finality of direct review and the filing of an application for post-conviction relief. Nino, 183 F.3d at 1007. Here, Petitioner filed his first state habeas petition on July 24, 2017. (Lodged Doc. 5.) Thus, 357 days of the limitations period expired before Petitioner filed his first state petition.

Petitioner appears to be entitled to tolling of 80 days from the date his state petition was filed – July 24, 2017 – through the date the petition was denied – October 11, 2017. This interval tolling extends the limitations period from July 31, 2017 to October 19, 2017. See Carey, 536 U.S. at 216. Petitioner in not entitled to tolling for the period that elapsed between the denial of his state petition and his filing of the instant application. 28 U.S.C. § 2244(d)(2); see Lawrence v. Florida, 549 U.S. at 332; Nino v. Galaza, 183 F.3d 1003, 1007 (9th Cir. 1995).

Applying statutory tolling, Petitioner's statute of limitations expired on October 19, 2017. Petitioner did not file his petition until December 15, 2017, nearly two months too late. Even with the benefit of statutory tolling, the petition is untimely.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010) (citation omitted). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). Here, Petitioner did not respond to the motion and therefore does not set forth any facts or argument to suggest he is entitled to equitable tolling.

In Petitioner's state habeas petition, which was submitted by Respondent, Petitioner claims that counsel did not notify him of the state appellate court's ruling nor timely provide Petitioner with transcripts and other records. Even assuming these facts

are true, Petitioner's state habeas petition was filed and denied within the limitations period. There is nothing before the Court to explain why the federal petition was therefore not timely filed, whether immediately after the ruling on the state petition or during the pendency of that petition. Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (permitting court to stay wholly unexhausted petition). Petitioner has therefore not shown that "extraordinary circumstances were the cause of his untimeliness." Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007) (citation omitted); Waldron–Ramsey, 556 F.3d at 1013 (petitioner bears the burden of showing that the "hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition almost a year late"). He is not entitled to equitable tolling.

**E. Conclusion**

Petitioner failed to file the instant petition within the one year limitations period required by 28 U.S.C. § 2244(d). The petition remains untimely even with the benefit of statutory tolling. Furthermore, Petitioner is not entitled to the benefit of equitable tolling.

Accordingly, the motion to dismiss should be granted and the petition should be dismissed as time-barred.

**IV. Conclusion and Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED that:

    1.    Respondent's motion to dismiss be GRANTED; and

    2.    The petition for writ of habeas corpus be dismissed with prejudice as time-barred.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen

(14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 11, 2018                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE