# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| LUIS MIGUEL GONZALEZ, | Case No. 1:18-cv-00039-DAD-JDP |
|---|---|
| Petitioner, | ORDER VACATING PRIOR FINDINGS AND RECOMMENDSTIONS |
| v. | ECF NO. 13 |
| MICHAEL SEXTON,[1] | FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE DENIED |
| Respondent. | |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| | ECF NO. 8 |

Petitioner Luis Miguel Gonzalez, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Respondent moved to dismiss the petition, arguing that it is untimely. ECF No. 8. United States Magistrate Judge Michael J. Seng issued findings and recommendations that the court grant respondent's motion to dismiss, noting that petitioner had not opposed the motion. *See* ECF No. 13 at 2. The court later received petitioner's opposition to respondent's motion and his objections to the findings and recommendations. *See* ECF Nos. 14, 18. Upon review of the petition, opposition to motion to dismiss, objections to the findings and recommendations, we conclude that the prior findings and recommendations should be vacated and that respondent's motion to dismiss should be denied.

---

[1] Michael Sexton, the warden of petitioner's institution of incarceration, is the appropriate respondent. *See Smith v. Idaho*, 392 F.3d 350, 354-55 (9th Cir. 2004). The clerk of court is directed to amend the caption to show Michael Sexton, not "On Habeas Corpus," as respondent.

1

**I.  Statute of limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 has a one-year statute of limitations for a state prisoner to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  The one-year period begins on the latest of the four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.; *see also Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

This petition falls into the fourth category; the one-year period began on the date when petitioner discovered the facts giving rise to his ineffective-assistance-of-counsel claim. Petitioner claims that he received ineffective assistance of counsel from his appellate attorney because, among other reasons, she failed to keep him informed of the status of his case throughout his appeal, despite petitioner's repeated attempts to contact her and his family's requests for information.  *See* ECF No. 1 at 4; ECF No. 18 at 2, 5-6.  In his objections to findings and recommendations, petitioner states under penalty of perjury that he learned for the first time on April 7, 2017, that his appeal had already been briefed and decided.  *See* ECF No. 18 at 2; ECF No. 14 at 5.[2]  Respondent has filed a reply to petitioner's objections, but respondent does not challenge the fact that petitioner learned the outcome of the appeal on

---

[2] He also states that despite his repeated requests—and a direction from the State Bar of California—his appellate counsel still has not given him the records pertaining to his case.  *See* ECF No. 1 at 14-15; ECF No. 14 at 3-5; ECF No. 18 at 30.  Petitioner's appeal was decided on June 21, 2016.  *See* ECF No. 18 at 33.

2

April 7, 2017. *See* ECF No. 16. It is thus undisputed that petitioner learned the outcome of his appeal on April 7, 2017, and so the one-year limitation period began on that date. *See Hasan*, 254 F.3d at 1154 (holding that one-year limitation period began on date when petitioner learned of his counsel's deficient performance and prejudice resulting from deficient performance). The one-year period ended on April 7, 2018, and the petition was filed in this case on January 8, 2018. *See* ECF No. 1. The petition is therefore timely. The court need not decide whether the one-year period should have been tolled.

**II.     Petitioner's motion for discovery**

Petitioner moves for copies of certain documents and materials pertaining to his state proceedings, *see* ECF No. 18 at 38-40, and we construe petitioner's motion as a motion for discovery under Rule 6 of the Rules Governing Section 2254 Cases. Petitioner indicates in his motion that because his appellate counsel still has not provided him with the materials requested, petitioner cannot litigate his habeas petition in this case. *See id*. at 39-40. Respondent has not objected to petitioner's request for discovery. The court should allow petitioner to learn the facts of his own case and pursue remedies permitted by law. Although respondent's answer would include certain court documents from petitioner's state proceedings under Rule 5, it seems unlikely that respondent can obtain and produce other materials that petitioner has not received from his counsel. Thus, the court should grant petitioner leave to conduct at least limited discovery in this case. Under Rule 6, the court must appoint counsel for petitioner when it grants leave to conduct discovery. If the court adopts these findings and recommendations, appointment of counsel will be considered for the limited purpose of assisting petitioner with discovery.

**III.    Order**

The findings and recommendations dated April 12, 2018, ECF No. 13, is vacated. The clerk of court is directed to amend the case caption to show Michael Sexton, not "On Habeas Corpus," as respondent.

**IV.    Findings and recommendations**

We recommend that the court deny respondent's motion to dismiss. ECF No. 8. Under

28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California, these findings and recommendations are submitted to the United States District Court Judge presiding over this case. Within fourteen days of the service of these findings and recommendations, any party may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:     January 4, 2019

UNITED STATES MAGISTRATE JUDGE