UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL GONZALEZ, | Case No. 1:18-cv-00039-DAD-JDP (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY |
| v. | ECF No. 18 at 38-40 |
| MICHAEL SEXTON, | ORDER APPOINTING COUNSEL FOR LIMITED PURPOSE OF DISCOVERY |
| Respondent. | |

Petitioner Luis Miguel Gonzalez, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that his appellate counsel abandoned him during his state appellate proceeding. According to petitioner, his appellate counsel failed to confer with him and to keep him informed of the status of the case. In addition, petitioner, his family members, and the state bar association contacted the appellate counsel to request records, but got no response. Even now, petitioner states, he lacks access to the records that he needs to pursue various postconviction remedies. He claims that his appellate counsel's inaction constitutes ineffective assistance of counsel and violates the Sixth Amendment of the U.S. Constitution.

Petitioner moves for this court's leave for discovery. ECF No. 18 at 38-40. He seeks certain transcripts and other records from his state criminal proceedings and his case file maintained by his appellate counsel. Respondent has not objected. We will grant petitioner leave

to conduct limited discovery and appoint him counsel for the narrow purpose of assisting with discovery.[1]

**I.     Propriety of Discovery**

Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may authorize discovery in a Section 2254 proceeding for good cause. *See also Bracy v. Gramley*, 520 U.S. 899, 9043-05 (1997). Good cause exists if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010) (quoting *Bracy*, 520 U.S. at 908-09). When good cause exists, the court must "provide the necessary facilities and procedures for an adequate inquiry." *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010); *accord*; *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018) (reasoning that abuse of discretion occurs if "discovery is indispensable to a fair, rounded, development of the material facts"). The petitioner seeking discovery need not show that he will ultimately prevail on his habeas claim. *See Smith*, 611 F.3d at 997. The district court may allow discovery without scheduling an evidentiary hearing, unless the absence of an evidentiary hearing would make discovery futile. *See Kemp v. Ryan*, 638 F.3d 1245, 1260 (9th Cir. 2011); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997).

Here, petitioner has shown good cause for discovery. Petitioner claims that he received ineffective assistance of counsel from his appellate attorney because, among other things, she failed to keep him informed of the status of his case during his appeal, despite repeated requests for information by petitioner and his family. *See* ECF No. 1 at 4; ECF No. 18 at 2, 5-6. According to petitioner, he learned that he had lost on appeal only long after the appeal was decided. *See* ECF No. 18 at 2; ECF No. 14 at 5. His late discovery of the appellate decision allegedly precluded him from filing a timely petition for review before the California Supreme Court. *See* ECF No. 1 at 4. Petitioner also states that despite his repeated requests—and an

---

[1] Earlier in the case, we recommended that the court deny a motion filed by respondent, noting that if the court were to adopt our recommendation, we would appoint counsel and allow petitioner to conduct discovery. ECF No. 19 at 3. The presiding district judge adopted the recommendation in full. ECF No. 23 at 1-2.

2

instruction from the State Bar of California—his appellate counsel still has not given him the records pertaining to his case. *See* ECF No. 1 at 14-15; ECF No. 14 at 3-5; ECF No. 18 at 30. Petitioner indicates that because his appellate counsel has not provided him with necessary materials, he cannot seek state or federal habeas relief. *See* ECF No. 18 at 39-40. Appointed counsel's complete abandonment of a criminal defendant can support a cognizable claim of ineffective assistance of counsel.[2] We are satisfied that petitioner has shown good cause for discovery, so we will allow it.

## II. Appointment of Counsel

If necessary for effective discovery, a district court must appoint counsel for a habeas petitioner who is eligible for counsel under 18 U.S.C. § 3006A. *See* Rule 6(a), Rules Governing Section 2254 Cases. Under 18 U.S.C. § 3006A(a)(2)(B), a district court may appoint counsel for a petitioner if "the interests of justice so require" and the petitioner is "financially eligible." The "interests of justice" standard is a context-specific inquiry, and no bright-line rule applies here. *See Martel v. Clair*, 565 U.S. 648, 663 (2012). A habeas petitioner is financially eligible for counsel if he cannot afford counsel, and this standard is "a lower standard than indigency." *United States v. Sarsoun*, 834 F.2d 1358, 1362 (7th Cir. 1987). The court must resolve any doubt about the petitioner's financial eligibility in his favor, and "erroneous determinations of eligibility

---

[2] *See Michigan v. Harvey*, 494 U.S. 344, 357 (1990) (reasoning that the accused has the constitutional right to assist his appointed counsel on appeal); *Avery v. State of Alabama*, 308 U.S. 444, 446 (1940) ("[T]he denial of opportunity for appointed counsel to confer, to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."); *Daniels v. Woodford*, 428 F.3d 1181, 1201 (9th Cir. 2005) (reasoning that "complete breakdown in communication" rendered counsel's assistance ineffective). Complete abandonment by appointed counsel can also establish cause for excusing procedural default. *See Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019). We note that, to prevail on his claim of ineffective assistance of counsel, petitioner may need to show, later in the case, how he suffered prejudice from his appellate counsel's deficiency—that is, whether he would have prevailed if he had pursued and obtained review by the California Supreme Court. But it appears that petitioner cannot demonstrate such prejudice or litigate this case at this time without access to the requested documents.

3

may be corrected at a later time." Admin. Office of the U.S. Courts, Guide to Judiciary Policies and Procedures, Vol. 7, pt. A, § 210.40.30(b).

Here, we conclude that appointment of counsel is necessary for effective discovery. Petitioner, his family members, and the state bar association have allegedly attempted to have his appellate counsel produce various documents, but they have not succeeded. *See* ECF No. 1 at 14-15; ECF No. 14 at 3-5; ECF No. 18 at 2, 5-6, 30-31. We find that petitioner, who appears pro se, cannot obtain the necessary documents on his own and that an attorney is necessary for effective discovery. Thus, appointment of counsel is required under Rule 6(a) of the Rules Governing Section 2254 cases, and appointing counsel will serve the interests of justice under 18 U.S.C. § 3006A. We find that petitioner is financially eligible because he has been eligible for appointed counsel for his state court proceedings, and his economic circumstances presumably have not changed during his incarceration.

**III.     Scope of Discovery**

Petitioner appears to be seeking two sets of documents: (1) the transcripts and other records from his state criminal proceedings, ECF No. 18 at 40, and (2) his case file maintained by his appellate counsel, ECF No. 1 at 14. As for the first set of documents, we construe petitioner's discovery motion to be requesting the usual state-court records lodged in Section 2254 cases, such as the reporter's and the clerk's transcripts. *See* Rule 5(c)-(d), Rules Governing Section 2254 Cases. Petitioner may obtain such records from respondent. *Cf. id.* As for the second set of documents, petitioner may obtain them from his appellate counsel. We anticipate that obtaining the two sets of documents would be a manageable task for appointed counsel. The appointed counsel may be able to obtain the documents through informal means. While we encourage the parties to resolve any disputes themselves, the parties are free to seek the court's assistance through appropriate motions.

In sum, we will appoint counsel for petitioner for the limited purpose of conducting discovery. By the deadline set forth below, the appointed counsel must file a notice of appearance or a motion to withdraw representation. Absent the court's grant of a motion to withdraw, the appointed counsel will assist petitioner in conducting limited discovery of the

documents identified above.  After the completion of discovery, the appointed counsel must file a notice informing the court that the requested discovery has been completed, and that notice will terminate the appointment.  Any question about the appointment may be directed at the assigned magistrate judge's chambers, at jdporders@caed.uscourts.gov.

**IV.   Order**

1. The Federal Defender for the Eastern District of California is appointed for the limited purpose of conducting discovery consistent with this order.
2. The clerk of court directed to:
   a. serve a copy of this order on the Office of the Federal Public Defender for the Eastern District of California, Attention: Habeas Appointment.
   b. send an electronic copy of this order to attorney David Porter at David_Porter@fd.org.
3. By Monday, August 05, 2019, the appointed counsel must file a notice of appearance or a motion to withdraw representation.
   a. By Friday, September 20, 2019, the appointed counsel must file a notice indicating the completion of discovery unless the court grants a motion to withdraw.
   b. A notice on the completion of discovery will terminate the counsel's appointment.

IT IS SO ORDERED.

Dated:   August 2, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202