UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL GONZALEZ,<br><br>                    Petitioner,<br><br>         v.<br><br>MICHAEL SEXTON,<br><br>                    Respondent. | Case No.   1:18-cv-00039-DAD-JDP<br><br>ORDER DIRECTING EXPANSION OF THE RECORD<br><br>ORDER SETTING BRIEFING SCHEDULE |

Petitioner Luis Miguel Gonzalez, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On March 4, 2019, this court denied respondent's motion to dismiss the petition as time-barred. ECF No. 23. Petitioner then moved for leave to conduct discovery. ECF No. 18 at 38-40. We granted petitioner's motion and appointed counsel for petitioner for the limited purposes of obtaining discovery. ECF No. 24. Specifically, petitioner sought a copy of the case file relating to his state appellate case that was maintained by his previous counsel. *See id.* at 1. On January 6, 2020, a copy of petitioner's state appellate case file was delivered to this court and subsequently given to petitioner's counsel. Now that the limited scope discovery has been completed in this case, we will allow petitioner to file an amended petition and order respondent to file an answer to the amended petition.

The amended petition will supersede the original petition, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended petition must be complete on its

1

face without reference to the prior, superseded petition, *see* E.D. Cal. Local Rule 220. Petitioner may not change the nature of his petition by adding new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Once an amended petition is filed, the original petition no longer serves any function. Therefore, in an amended petition, as in an original petition, petitioner must assert each claim in sufficient detail. The amended petition should be titled "First Amended Petition" and refer to the appropriate case number.

Additionally, this court may "direct the parties to expand the record by submitting additional materials" related to the petition. Rules Governing Section 2254 Cases, rule 7(a). We must then "give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." *Id*. at 7(c). To the extent petitioner wishes to have any of the documents obtained through discovery considered part of the record of this case, he should file these documents. Respondent may then admit or deny the correctness of these documents.

**Order**

1. Within sixty days of the date of service of this order, petitioner may file an amended petition and any documents obtained through discovery which are necessary for resolving the issues presented in the amended petition.

2. Within thirty days of petitioner's filing of supplemental pleadings, respondent must file an answer to the amended petition addressing the merits. Respondent may admit or deny the correctness of any additional documents submitted by petitioner in support of his amended petition.

3. Within sixty days of the date of service of this order, respondent must file all transcripts and other documents necessary for resolving the issues presented in the petition. *See* Rules Governing Section 2254 Cases, Rule 5(c).

4. Petitioner may file a traverse within thirty days of the date of service of respondent's answer. If no traverse is filed within thirty days, the amended petition and answer are deemed submitted.

IT IS SO ORDERED.

Dated:    February 9, 2020

                                              */s/ Jeremy Peterson*
UNITED STATES MAGISTRATE JUDGE

No. 206.