UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL GONZALEZ, | Case No. 1:18-cv-00039-DAD-HBK |
| Petitioner, | ORDER GRANTING PETITIONER'S MOTION TO STAY |
| v. | (Doc. No. 59) |
| MICHAEL SEXTON, | ORDER WITHDRAWING FINDINGS AND RECOMMENDATIONS |
| Respondent. | (Doc. No. 55) |

Petitioner Luis Miguel Gonzalez, a state prisoner represented by counsel, is proceeding on his First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2013 sentence and conviction entered by the Superior Court of Kern County (case no. BF 143990A). (Doc. No. 41). Respondent filed an answer to the amended petition, and Petitioner filed a traverse. (Doc. Nos. 51, 54). On September 3, 2021, the undersigned issued Findings and Recommendations to deny Petitioner relief for writ of habeas corpus. (Doc. No. 55). Petitioner filed objections to the Findings and Recommendations on October 11, 2021, and simultaneously filed a motion to stay pursuant to *Rhines*. (Doc. No. 59). In his motion to stay, Petitioner withdraws ground three and a portion of ground four related to ineffective assistance of appellate

counsel for failure to challenge eyewitness jury instruction CALCRIM 315, but seeks a stay in order to return to state court to exhaust grounds two and a portion of ground four. Respondent filed a reply to Petitioner's objections, and an opposition to Petitioner's motion to stay. (Doc. Nos. 60, 61). For the reasons stated below, the Court grants Petitioner's motion to stay the case under *Rhines* to permit Petitioner an opportunity to return to state court to exhaust grounds two and four of the First Amended Petition. As a result, the undersigned withdraws its September 3, 2021, Findings and Recommendations.

**BACKGROUND**

On January 8, 2018, Petitioner initiated this action *pro se* by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). The petition raised two claims: (1) improper dismissal of a juror in violation of due process, and (2) denial of effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments for failing to notify him of the appellate decision and failing to "adequately raise all viable issues." (Doc. No. 1 at 3-4). Respondent filed a motion to dismiss the petition as untimely, and the former assigned magistrate judge issued findings and recommendations to grant the motion to dismiss the petition as time barred. (Doc. No. 13). Petitioner, who was without counsel at the time, filed objections based on appellate counsel's failure to provide him with a copy of his "case file, records [and] transcripts" from his state court proceedings, and moved for leave to conduct discovery. (Doc. No. 18). The former assigned magistrate judge then vacated his findings and recommendations and entered an order granting Petitioner's motion for discovery and appointing counsel for the purpose of conducting discovery of the records from his state criminal proceedings and the case file maintained by his appellate counsel. (Doc. Nos. 19, 24). Carolyn D. Phillips entered an appearance as counsel on August 5, 2019. (Doc. No. 25). On January 6, 2020, a copy of Petitioner's state appellate case file was delivered to the court and given to Petitioner's counsel, and the court thereafter directed expansion of the record, including leave and an extension of time for Petitioner to file an amended petition. (Doc. Nos. 36, 38, 40).

Petitioner filed an amended petition on July 16, 2020 that raised four claims. (Doc. No. 41). Respondent filed an answer (Doc. No. 51) and the undersigned issued Findings and

2

Recommendations to deny Petitioner relief for writ of habeas corpus on September 3, 2021. (Doc. No. 55). More particularly, the undersigned recommended the district court deny ground one on the merits and deny grounds two, three, and four as unexhausted.[1] (*Id*. at 21-24). Petitioner filed objections to the Findings and Recommendations on October 11, 2021 (Doc. No. 58), and simultaneously, by separate pleading, filed the instant motion to stay pursuant to *Rhines*. (Doc. No. 59). Petitioner concedes his amended petition contains both exhausted and unexhausted claims for relief. (*Id*. at 4). Thus, Petitioner requests a stay in order to exhaust ground two and a portion of ground four of his unexhausted claims before the state courts.[2] (Doc. No. 59).

## APPLICABLE LAW AND ANALYSIS

The undersigned's authority is limited by 28 U.S.C. § 636. The statute vests a magistrate judge, absent the parties' consent, with ability in habeas actions under § 2254 to hear and determine nondispositive matters. *Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004). The courts adopt a functional approach in determining whether a motion is dispositive, *i.e.* the court considers "the effect of the motion." *Mitchell v. Valenzuela*, 791 F. 3d 1166, 1169 (2015). The denial of a motion to stay effectively denies the ultimate relief sought and is considered dispositive. *Id*. at 1170 (citing S.*E.C. v. CMKM Diamonds, Inc*., 729 F.3d 1248, 1260 (9th Cir. 2013)). In contrast, a motion "is nondispositive where it does not dispose of any claims or

---

[1] As Respondent notes, Petitioner requested in his traverse that in the event the Court found his claims unexhausted, the Court stay and hold in abeyance his petition in order to exhaust his claims in state court. (Doc. No. 54 at 15). The undersigned recommended denying the request at that time as Petitioner presented no argument and did not address the three *Rhines* factors. (Doc. No. 55 at 23-24).

[2] Petitioner's First Amended Petition included two grounds asserting appellate counsel was constitutionally ineffective: (ground three) ineffective assistance of appellate counsel for failure to challenge eyewitness jury instruction CALCRIM 315 which violated the due process clause under the Fourteenth Amendment; and (ground four) ineffective assistance of appellate counsel for failure to raise ineffective assistance of trial counsel for failing to challenge the tainted show-up procedures and failure to object to CALCRIM 315. (Doc. No. 41). In Petitioner's objections to the undersigned's findings and recommendations to deny habeas relief, and in his motion to stay, Petitioner acknowledges he voluntarily withdraws ground three and the portion ground four regarding the trial's court's instruction to the jury with CALCRIM 315 based on the California Supreme Court's rejection of this argument in *People v. Lemcke*, 11 Cal.5th 644 (2021). Thus, the only claims Petitioner requests to exhaust in the motion to stay presently before the Court is appellate counsel ineffective assistance for failing to challenge the tainted show-up procedure and failure to raise an ineffective assistance of counsel claim regarding the same. (Doc. No. 59).

defenses and does not effectively deny any ultimate relief sought." *Id*. (internal alterations and citations omitted). Because the Court is not denying the ultimate relief sought—denying the motion to stay which in effect would result in the grounds being unexhausted—the undersigned has authority to rule on the motion *sub judice*.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. The U.S. Supreme Court has held that a district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies on each of the claims raised in the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A "mixed petition," meaning a petition containing both exhausted and unexhausted claims, is subject to dismissal. *Id*.; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

However, *Rhines* permits a court to stay all the claims in a petition while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). A stay and abeyance "should be available only in limited circumstances" because issuing a stay "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id*. Under *Rhines*, a stay and abeyance for a mixed petition, a petition that contains both exhausted and unexhausted claims, is available only where: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. *Id*.

**A. Good Cause**

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under *Rhines* does not require a showing of "extraordinary circumstances," *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," *Blake*, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" his failure to exhaust his claims. *Id*. at 982.

////

Petitioner claims he has good cause for failing to exhaust his unexhausted claim because "he lacked both counsel and the appellate court record in state habeas proceedings." (Doc. No. 59 at 5). Respondent argues that the Supreme Court has "rejected that the exhaustion-first requirement 'will serve to trap the unwary *pro se* prisoner,'" and found that "[j]ust as pro se prisoners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement." (Doc. No. 60 at 4 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)). Thus, according to Respondent, "[i]t is hardly a comfortable thing, but this Court is bound to obey the Supreme Court, even when the Ninth clearly has not done so." (Doc. No. 60 at 4). Notwithstanding Respondent's general assertion, it is well-settled in the Ninth Circuit that a lack of counsel in state post-conviction proceedings has been deemed to constitute good cause under *Rhines*. *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017) ("A petitioner who is without counsel in a state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel."). It is undisputed that Petitioner was without counsel when he filed his state habeas petitions. The Court therefore find that Petitioner has demonstrated the *Rhines* prong for good cause.

**B. Merit of Claims**

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon*, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id*. (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

Respondent argues that "[i]t is implausible to suggest, based on what Petitioner has presented to this Court, that he potentially rebuts the 'strong' presumption that counsel 'made a legitimate strategic choice' not to move to exclude the identification." (Doc. No. 60 at 3). It is admittedly possible that Petitioner's appellate counsel determined that it would be futile to challenge the allegedly tainted show-up procedure. *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983)

(appellate counsel has no constitutional duty to raise every issue, where, in the attorney's judgment, the issue has little or no likelihood of success); *see also McCoy v. Wisconsin*, 486 U.S. 429, 436 (1988) (as an officer of the court, appellate counsel is under an ethical obligation to refrain from wasting the court's time on frivolous arguments). However, "[i]n determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Dixon*, 847 F.3d at 722 (citing *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Petitioner's claim that appellate counsel failed to challenge the allegedly tainted show-up procedure is not a plainly meritless argument and has sufficient potential merit to satisfy this second prong of the *Rhines* test. *See id*. at 722-23 ("[a]n attorney's failure to raise a state-law objection at trial – or the likely success of a direct appeal on the same basis – may support a claim for ineffective assistance of counsel in a later federal habeas petition.").

**C. Dilatory Litigation Tactics**

Respondent argues that Petitioner's counsel has engaged in inexcusable delay because counsel did not seek to exhaust this claim despite being "on notice" no later than July 16, 2020, the date the amended petition was filed, that claims in the amended petition were unexhausted. (Doc. No. 60 at 1-3). Respondent also cites the answer, filed on December 9, 2020, and the Court's findings and recommendations that the habeas petition be denied, filed on September 3, 2021, both which of noted the lack of exhaustion of the claim at issue. (Doc. Nos. 50, 55). Thus, according to Respondent, "Petitioner knew, from the time the Petition was filed well over a year ago, the facts demonstrating plainly that the ineffectiveness claims were not fairly presented in the California Supreme Court for failure to thoroughly allege the operative facts in that Court. That makes it abusive and in bad faith that he seeks a pleading fix now, not only after Respondent had to file an Answer, but also after this Court had to read the pleadings and issue its Findings and Recommendations." (Doc. No. 60 at 3).

The undersigned finds nothing in the record suggesting that Petitioner has engaged in "intentionally dilatory litigation tactics," either prior to or after the filing of his federal habeas petition. Rather, as noted by Petitioner, his "ability to litigate his habeas claims was negatively

6

impacted by appellate counsel's failure to communicate with him regarding the direct appeal, to notify him of a decision in the appeal or to respond to his requests for appellate records. When appellate counsel finally provided what few records she did have it was in response to a subpoena duces tecum during discovery." (Doc. No. 59 at 6). Moreover, while the undersigned agrees that Petitioner's counsel was "on notice" that exhaustion might be at issue, this court has previously held that "[i]t is reasonable to wait to return to state court until respondent has made his position [on] exhaustion known and this court identifies which claims are exhausted and which are not exhausted." *Leonard v. Davis*, No. 2:17-CV-0796-JAM-AC DP, 2019 WL 1772390, at *5 (E.D. Cal. Apr. 23, 2019), *report and recommendation adopted*, No. 2:17-CV-0796-JAM-AC DP, 2019 WL 2162980 (E.D. Cal. May 17, 2019). Petitioner has followed this court's case management requirements in litigating this habeas action. Because there is no evidence that Petitioner engaged in dilatory litigation tactics or intentional delay, the third prong of *Rhines* is satisfied.

Accordingly, it is **ORDERED** that:

1. The Findings and Recommendations dated September 3, 2021 (Doc. No. 55) are WITHDRAWN.

2. Petitioner's motion to stay (Doc. No. 59) is GRANTED and the Clerk of Court shall STAY this action until further order of court.

3. Petitioner shall file a copy of his state petition with the state court within thirty (30) days of the date on this Order.

4. Petitioner shall file status reports every sixty (60) days thereafter to apprise this Court of the progress of state court proceedings.

5. Petitioner shall file a motion to lift the stay within twenty-one (21) days of the California Supreme Court issuing a final order resolving Petitioner's unexhausted claims.

Dated: March 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE